1   PAUL L. REIN, Esq. (SBN 43053)
    PATRICIA BARBOSA, Esq. (SBN 125865)
2   JULIE MCLEAN, Esq. (SBN 215202)
    LAW OFFICES OF PAUL L. REIN
3   200 Lakeside Dr., Suite A
    Oakland, CA 94612
4   (510) 832-5001

5   Attorneys for Plaintiff
    ELBERT MADISON
6
    PETER KIRWAN, Esq. (SBN 126658)
7   NEEDHAM, DAVIS, KIRWAN & YOUNG, LLP
    1960 The Alameda, Suite 210
8   San Jose, CA 95126
    (408) 244-2166
9
    Attorneys for Defendants
10  GOLDEN STATE RESTAURANTS, INC.;
    JAGJEET KAPOOR; DAVID VILLANUEVA;
11  INTEL CORPORATION

12              UNITED STATES DISTRICT COURT
13              NORTHERN DISTRICT OF CALIFORNIA

14
    ELBERT MADISON,              CASE NO. C04-3936 JF/PVT
15
         Plaintiff,             Civil Rights
16
    v.
17                              CONSENT DECREE AND ORDER

18  GOLDEN STATE RESTAURANTS,
    INC.; JAGJEET KAPOOR; DAVID
19  VILLANUEVA; INTEL
    CORPORATION; and DOES 1
20  through 25, Inclusive,

21       Defendants.

22  _____/

23

24              CONSENT DECREE AND ORDER

25       1.   Plaintiff Elbert Madison filed a Complaint on

26  September 29, 2004 and a Second Amended Complaint in this

27  action on February 16, 2005, to enforce provisions of the

28  Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:

FILED

JUL - 8 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1   12101 et seq., and California civil rights laws against

2   Defendants, GOLDEN STATE RESTAURANTS, INC.; JAGJEET KAPOOR;

3   DAVID VILLANUEVA; INTEL CORPORATION; and DOES 1 through 25,

4   Inclusive.  Plaintiff has alleged that Defendants GOLDEN STATE

5   RESTAURANTS, INC.; JAGJEET KAPOOR; DAVID VILLANUEVA; INTEL

6   CORPORATION violated Title III of the ADA and sections 51, 52,

7   54.1, and 55 of the California Civil Code, and sections 19955

8   et seq., of the California Health and Safety Code by failing to

9   provide full and equal access to their facilities at the

10   Pedro's restaurant located at 3935 Freedom Circle, Santa Clara,

11   California when plaintiff was deterred from visiting the

12   subject facility on April 22, 2004, and May 19, 2004.

13       2.    Defendants GOLDEN STATE RESTAURANTS, INC.; JAGJEET

14   KAPOOR; DAVID VILLANUEVA; INTEL CORPORATION; ("Defendants")

15   deny the allegations in the Complaint and by entering into this

16   Consent Decree and Order do not admit liability to any of the

17   allegations in Plaintiff's Complaint filed in this action.  The

18   parties hereby enter into this Consent Decree and Order for the

19   purpose of resolving this lawsuit without the need for

20   protracted litigation, and without the admission of any

21   liability.

22

23   JURISDICTION:

24       3.    The parties to this consent decree agree that the

25   Court has jurisdiction of this matter pursuant to 28 USC §1331

26   for violations of the Americans with Disabilities Act of 1990,

27   42 USC 12101 et seq. and pursuant to pendant jurisdiction for

28   violations of California Health & Safety Code §19955 et seq.,

1  including §19959; Title 24 California Code of Regulations; and
2  California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.
3      4.   In order to avoid the costs, expense, and uncertainty
4  of protracted litigation, the parties to this consent decree
5  agree to entry of this Order to resolve all claims regarding
6  injunctive relief raised in the Second Amended Complaint filed
7  with this Court on February 16, 2005.  Accordingly, they agree
8  to the entry of this Order without trial or further
9  adjudication of any issues of fact or law concerning
10  plaintiff's claims for injunctive relief.
11      WHEREFORE, the parties to this consent decree hereby
12  agree and stipulate to the Court's entry of this Consent Decree
13  and Order, which provides as follows:
14
15  SETTLEMENT OF INJUNCTIVE RELIEF:
16      5.   This Order shall be a full, complete, and final
17  disposition and settlement of Plaintiff's claims against
18  Defendants for injunctive relief that have arisen out of the
19  subject Complaint.  The parties agree that there has been no
20  admission or finding of liability or violation of the ADA
21  and/or California civil rights laws, and this Consent Decree
22  and Order should not be construed as such.
23      6.   The parties agree and stipulate that the corrective
24  work will be performed in compliance with the standards and
25  specifications for disabled access as set forth in the
26  California Code of Regulations, Title 24-2 and Americans with
27  Disabilities Act Accessibility Guidelines, unless other
28  standards are specifically agreed to in this Consent and Order:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-3936 JF/RWT                    3

1       a)   Remedial Measures: The injunctive relief agreed upon

2 by the Parties is attached as **Attachment A** to this Consent

3 Decree, which is incorporated herein by reference as if fully

4 set forth in this document.  Defendants agree to undertake all

5 remedial work set forth in **Attachment A.**

6 **Timing of Injunctive Relief:**  Defendants will submit plans for

7 all corrective work within 60 days of entry of this consent

8 decree and order by the court, will commence work within 30

9 days of receiving approval from the building department, and

10 will complete work within 60 days of commencement.  In the

11 event that Defendants experience unforeseen difficulties that

12 prevent them from completing the agreed-upon work at all or

13 in the deadlines specified herein, Defendants or their

14 counsel will (a) notify plaintiff's counsel in writing within

15 15 days of discovering that delay, (b) may seek relief from

16 the court from the obligations imposed in the Consent Decree

17 and may, upon a showing of good cause, obtain relief from

18 such obligations as the Court deem appropriate.  Defendants

19 shall be entitled to relief from any deadline imposed herein

20 upon a showing of good cause for such relief.  Plaintiff will

21 conduct a meet and confer with that defendant(s) or their

22 attorney at least 30 days prior to seeking a motion to compel

23 enforcement of the Consent Decree if the corrective work is

24 not completed as contemplated by this Consent Decree.

25 Defendants or their counsel will notify plaintiff's counsel

26 when the corrective work is completed, and in any case will

27 provide a status report no later than 120 days from the entry

28

1  of this consent decree.

2

3  DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:

4      7.   The parties have ~~not~~ reached an agreement *[PER MAE]*

5  regarding plaintiff's claims for damages, attorney fees,

6  litigation expenses and costs. ~~These issues shall be the~~ *Defendants will pay $15,000.*

7  ~~subject of further negotiation, further litigation, or of~~

8  ~~motions to the court.~~ *For all damages to plaintiff Elbert Madison*

9  *and $51,000. for all of plaintiff's attorneys fees (litigation expenses and costs, a total of $66,000. to be paid as follows,*

10  ENTIRE CONSENT ORDER:  *to "Paul Rein in trust for Elbert Madison":*
   *$22,000. in 30 days from today, $22,000. in 60*

11      8.   This Consent Order and Attachment A to this Consent *days from today and $22,000 in 120 days from today.*

12  Decree, which is incorporated herein by reference as if fully

13  set forth in this document, constitutes the entire agreement

14  between the parties on the matters of injunctive relief, and no

15  other statement, promise, or agreement, either written or oral,

16  made by any of the parties or agents of any of the parties,

17  that is not contained in this written Consent Order, shall be

18  enforceable regarding the matters of injunctive relief

19  described herein.   This consent decree applies to plaintiff's

20  claims for injunctive relief ~~only~~ and ~~does not resolve~~ *[PER MAE] [PB] [MAE]*

21  plaintiff's claims for monetary ~~damages, attorney's fees,~~

22  litigation expenses and costs, ~~which shall be the subject of~~ *There are no other claims. [PB]*

23  ~~further negotiation and/or litigation.~~ *[PB]*

24

25  CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

26      9.   This Consent Order shall be binding on Plaintiff

27  ELBERT MADISON, Defendants, GOLDEN STATE RESTAURANTS, INC.;

28  JAGJEET KAPOOR; DAVID VILLANUEVA; INTEL CORPORATION; and any

1   successors in interest.  The parties have a duty to so notify

2   all such successors in interest of the existence and terms of

3   this Consent Order during the period of the Court's

4   jurisdiction of this consent decree.

5

6   MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO

7   INJUNCTIVE RELIEF ONLY:

8        10.   Each of the parties to this Consent Decree

9   understands and agrees that there is a risk and possibility

10  that, subsequent to the execution of this Consent Decree, any

11  or all of them will incur, suffer, or experience some further

12  loss or damage with respect to the Lawsuit which are unknown or

13  unanticipated at the time this Consent Decree is signed.

14  Except for all obligations required in this Consent Decree, the

15  parties intend that this Consent Decree apply to all such

16  further loss with respect to the Lawsuit, except those caused

17  by the parties subsequent to the execution of this Consent

18  Decree. Therefore, except for all obligations required in this

19  Consent Decree, this Consent Decree shall apply to and cover

20  any and all claims, demands, actions and causes of action by

21  the parties to this Consent Decree with respect to the Lawsuit,

22  whether the same are known, unknown or hereafter discovered or

23  ascertained, and the provisions of Section 1542 of the

24  California Civil Code are hereby expressly waived.  Section

25  1542 provides as follows:

26       A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE

27       CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT

28       THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM

1    MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE

2    DEBTOR.

3    This waiver applies to the injunctive relief aspects of this

4    action only and does not include resolution of plaintiff's

5    claims for damages, attorney fees, litigation expenses and

6    costs.

7    11.   Except for all obligations required in this Consent

8    Decree, and exclusive of the referenced continuing claims for

9    damages, statutory attorney fees, litigation expenses and

10   costs, each of the parties to this Consent Decree, on behalf of

11   each, their respective agents, representatives, predecessors,

12   successors, heirs, partners and assigns, releases and forever

13   discharges each other Party and all officers, directors,

14   shareholders, subsidiaries, joint venturers, stockholders,

15   partners, parent companies, employees, agents, attorneys,

16   insurance carriers, heirs, predecessors, and representatives of

17   each other Party, from all claims, demands, actions, and causes

18   of action of whatever kind or nature, presently known or

19   unknown, arising out of or in any way connected with the

20   Lawsuit.

21

22   TERM OF THE CONSENT ORDER:

23   12.   This Consent Order shall be in full force and effect

24   for a period of twelve (12) months after the date of entry of

25   this Consent Order, or until the injunctive relief contemplated

26   by this Order is completed, whichever occurs later.  The Court

27   shall retain jurisdiction of this action to enforce provisions

28   of this Order for twelve (12) months after the date of this

1   Consent Decree, or until the injunctive relief contemplated by

2   this Order is completed, whichever occurs later.

3

4   **SEVERABILITY**:

5       13.   If any term of this Consent Decree and Order is

6   determined by any court to be unenforceable, the other terms of

7   this Consent Decree and Order shall nonetheless remain in full

8   force and effect.

9

10  **SIGNATORIES BIND PARTIES**:

11      14.   Signatories on the behalf of the parties represent

12  that they are authorized to bind the parties to this Consent

13  Decree and Order.

14

15  Dated: June 27, 2005

16

17                                      Plaintiff ELBERT MADISON

18  Dated: June 27, 2005

19

20                                      Defendant GOLDEN STATE
                                        RESTAURANTS, INC.
21  Dated: June 27, 2005

22

23                                      Defendant JAGJEET KAPOOR

24  Dated: June 27, 2005

25

26                                      Defendant DAVID VILLANUEVA

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832 5001

Consent Decree and Order:

1   Dated: June 27, 2005

2

3   _____
    Defendant INTEL CORPORATION

4

5   APPROVED AS TO FORM:

6   Dated: June 27,      2005      PAUL L. REIN
                                   PATRICIA BARBOSA
7                                  JULIE MCLEAN
                                   LAW OFFICES OF PAUL L. REIN
8

9   _____

10                                 Attorneys for Plaintiff
                                   ELBERT MADISON
11

12  Dated: June 27, 2005           PETER H. KIRWAN
                                   MAUREEN FOLAN
13                                 NEEDHAM DAVIS, et al.

14

15  _____

16                                 Attorneys for Defendants
                                   GOLDEN STATE RESTAURANTS, INC.;
                                   JAGJEET KAPOOR; DAVID VILLANUEVA;
17                                 INTEL CORPORATION

18

19                                 ORDER

20  Pursuant to stipulation, and for good cause shown, **IT IS SO**

21  **ORDERED**.

22

23  Dated:    7-5   , 2005     _____
                                   Honorable Jeremy Fogel
24                                 United States District Judge

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503

Consent Decree and Order: Case
No. C04-3936 JF/PVT

— 9 —

**Attachment A to Consent Decree and Order**
**Elbert Madison v. Golden State Restaurants, Inc., et al.**
**CASE NO. C04-3936 JF/PVT**
Page 1 of 2

The following injunctive relief is agreed upon between the parties as resolution to plaintiff's claims for injunctive relief as set forth in the Second Amended Complaint filed by Elbert Madison on February 16, 2005 in the United States District Court, Case No. C04-3936 JF/PVT.

The parties agree that the corrective work set forth in this Attachment A will be performed in compliance with the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

1. **Parking**: Defendants will provide seven (7) accessible parking spaces one of which will be a van-accessible space. The accessible spaces must contain no slope or cross-slope in excess of 2% (current slopes range from 3% to 5.2%). Each "regular" accessible parking space will be served by an access aisle at least 5' wide, and the van-accessible space will be served by an 8' wide access aisle. Defendants will also provide an accessible path of travel from the parking spaces to the front entrance of the restaurant (see #2(a), below).

2. **Exterior Paths of Travel**: The following items will be addressed:

   a. **Path of Travel from Accessible Parking**: Defendants will provide an accessible path of travel from the accessible parking to the public entrance of the restaurant which does not require disabled persons to travel behind vehicles other than their own.
   b. **Path of Travel from Circular Drop-Off Area**: Defendants will install a curb ramp directly in front of the front entrance of the building to provide a path of travel for disabled customers who may be dropped off in the circular paved area which serves as a passenger loading zone in front of the restaurant.
   c. **Path of Travel from Public Right-of-Way to the Restaurant Walkway**: Defendants will provide an accessible path of travel from the public right-of-way to the front entrance of the building by installing curb cuts on either side of the walkway in front of the Restaurant.

3. **Entrance to the Building**: The front entrance to the restaurant consists of two sets of double doors. The outer doors must be kept in the open position during all hours that the restaurant is open to the public. The inner doors require addition of a 10-inch high "kick plate" on the push-side of the door.

Attachment A to Consent Decree and Order
Elbert Madison v. Golden State Restaurants, Inc., et al.
CASE NO. C04-3936 JF/PVT
Page 2 of 2

In addition, the door closer must be adjusted to require no more than 5 pounds of pressure to open the inner doors.

4. **Second Floor Banquet Rooms**:  Defendants will modify their practices and procedures by converting the second floor banquet rooms from privately rented banquet and conference rooms into general public dining areas. Defendants will not advertise or rent out the second floor rooms for private banquets or as private conference rooms, but may reserve the second floor rooms for private dining parties as part of their general dining reservations. Defendants will not be required to modify the existing door ways for disabled access.

5. **Interior Paths of Travel**:  Complying handrails will be installed on both sides of the ramp leading from the "Greenhouse" to the "Trophy Room." Additionally, complying handrails will be installed on each of the stairways inside the restaurant.  Such handrails must be on both sides of each stairway, and must extend 12" beyond the top and bottom stair treads.  Where the extension of the handrail would create a protruding hazard, the termination of the extension may be either rounded or returned smoothly to floor, wall, or post.

6. **Restrooms**:  Defendants will provide fully accessible men's and women's restrooms in the Pedro's Restaurant which fully comply with all ADAAG and Title 24 standards.

7. **Bar/Lounge/Patio Areas**:

    a. **Self-Service Food Bar**: The self-service food bar will be reconfigured to provide an accessible 36" aisle way with no more than a 34" reach range, or alternatively, defendants may remove the self-service bar.
    b. **Outdoor Patio Gates**: The outdoor dining patio gates will be fitted with 10" high kickplates on the push-side of each gate.